NORTHERN OHIO COMPANY v. WILLIAMS.

Opinion delivered October 12, 1931.

*Walter N. Killough,* for appellant.

*J. G. Waskom,* for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment against it for professional services of a physician to the sharecroppers on its farm.

Appellee, a physician, stated he attended the tenants on the farm of appellant at the direction of the farm superintendent or foreman and charged the account for his services directly against appellant company, the owner of the farm. That the calls came over the superintendent's 'phone, from him or his wife; and during high water the superintendent furnished a motorboat, when there was necessity for its use, to enable him to attend the sick persons, and also a saddle horse was furnished him so he could ride to the houses of the patients on the back of the farm.

The superintendent or manager of the farm admitted this to be true, but said he had the only 'phone on the plantation and rendered the service for the benefit of the sick sharecroppers on the place and not because of any authority to employ a physician for the company, which he said he did not have. He admitted, however, that he had been furnished two or three accounts of the charges against the company for professional services to the sharecroppers on the place, and thought he had sent one of the accounts to each of two of the officers of the appellant company, one to its president which they denied receiving. He also stated that, after the bill was received, he talked with an officer of the company Mr. Cothern, about medical attention to the sharecroppers, and the officer inquired what physician they wanted, and, being told, said he supposed that they would have to furnish the services. He also stated that he inquired what should be done about the accounts of Dr. Williams for services rendered, and the officer replied: "We will have to O. K. it."

The court instructed the jury which returned a verdict for about one-half the amount sued for.

It is insisted that the agent was without authority to make the contract for professional services of appellee and bind the corporation to the payment thereof, and that the evidence is insufficient to show ratification of the act.

The court properly instructed the jury as to the apparent and implied authority of the agent, and the testimony was sufficient to warrant the verdict, upon either the ground of apparent or implied authority of the agent or superintendent of the farm, who was in charge of the commissary furnishing supplies to the tenants to make the contract, or ratification of his conduct in procuring the services of a physician after such service was performed. *Standard Pipe Line Co.* v. *Haynie Construction Co.,* 174 Ark. 332, 295 S. W. 49.

We find no prejudicial error in the record, and the judgment is affirmed.